UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
David C Tuuk § Case No. 13-00684
Christine L Tuuk §
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on
   .  The undersigned trustee was appointed on                .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                    $

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Joji Takada, Chapter 7 Trustee_____
                                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Exhibit A

| Case No: | 13-00684 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |
|---|---|---|---|---|---|---|
| Case Name: | David C Tuuk | | | | Date Filed (f) or Converted (c): | 01/08/2013 (f) |
| | Christine L Tuuk | | | | 341(a) Meeting Date: | 02/04/2013 |
| For Period Ending: | 04/24/2015 | | | | Claims Bar Date: | 05/15/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1.  Location: 827 Somerset Street, New Lenox Il 60451, Also Secu | 184,100.00 | 0.00 | | 0.00 | FA |
| 2.  10 Acres In Green Gardens, Illinois | 100,000.00 | 0.00 | | 100,000.00 | FA |
| 3.  Wood Forest Bank | 0.00 | 0.00 | | 0.00 | FA |
| 4.  Chase Bank | 1,000.00 | 0.00 | | 0.00 | FA |
| 5.  1 Bed, Dresser, Couch, Tv, Desk | 500.00 | 0.00 | | 0.00 | FA |
| 6.  3 Beds, 1 Desktop Computer | 300.00 | 0.00 | | 0.00 | FA |
| 7.  Two Ordinary Adult Supplies | 500.00 | 0.00 | | 0.00 | FA |
| 8.  Some Sports Equipment | 50.00 | 50.00 | | 0.00 | FA |
| 9.  Woodland Service Corporation | 0.00 | 0.00 | | 0.00 | FA |
| 10. 2006 Chevy Hhr With 92,000 Miles | 4,974.00 | 253.00 | | 0.00 | FA |
| 11. 2006 Chevy Aveo 4 Door With 72,000 Miles | 3,679.00 | 0.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

| | | | | Gross Value of Remaining Assets | |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $295,103.00 | $303.00 | | $100,000.00 | $0.00 |
| | | | | (Total Dollar Amount in Column 6) | |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Debtor disclosed owning real estate (primary residence and undeveloped farm land); Second lien holder asked Trustee to liquidate real estate and surcharge collateral; Trustee has hired a broker and counsel to market and sell the residence and farm land.

123013--Second lien holder has asked estate to market/sell Debtor's principal residence; Have hired broker to coordinate with Debtor to prepare same for sale; Following up with Debtor on status of clean-up/restoration of property for sale.

Estate tax return filed; Awaiting early response. - Joji Takada 11/30/2014

Accountant to provide final fee application; Trustee preparing TFR. - Joji Takada 3/17/2015

TFR submitted to UST for review. - Joji Takada 4/15/2015

Initial Projected Date of Final Report (TFR): 01/13/2015    Current Projected Date of Final Report (TFR): 01/13/2015

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 13-00684  
Case Name: David C Tuuk  
Christine L Tuuk  
Taxpayer ID No: XX-XXX0638  
For Period Ending: 04/24/2015  

Trustee Name: Joji Takada, Chapter 7 Trustee  
Bank Name: Associated Bank  
Account Number/CD#: XXXXXX9801  
Checking  
Blanket Bond (per case limit): $5,000,000.00  
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 01/26/15 | | Transfer from Acct # xxxxxx8095 | Transfer of Funds | 9999-000 | $8,587.76 | | $8,587.76 |
| 02/06/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $8,577.76 |
| 03/06/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $11.52 | $8,566.24 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $8,587.76 | $21.52 |
| Less: Bank Transfers/CD's | $8,587.76 | $0.00 |
| Subtotal | $0.00 | $21.52 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $21.52 |

Page Subtotals: $8,587.76    $21.52

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 13-00684 | Trustee Name: Joji Takada, Chapter 7 Trustee |
| Case Name: David C Tuuk | Bank Name: The Bank of New York Mellon |
| Christine L Tuuk | Account Number/CD#: XXXXXX8095 |
| | Checking |
| Taxpayer ID No: XX-XXX0638 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 04/24/2015 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 01/24/14 | | Chicago Title and Trust Company | Proceeds from sale | | | $11,500.00 | | $11,500.00 |
| | | | Gross Receipts | $100,000.00 | | | | |
| | | 2013 and 2014 Tax proration | Real estate taxes | ($114.04) | 2500-000 | | | |
| | | Title charges | Title closing costs and expenses | ($2,250.00) | 2500-000 | | | |
| | | Real estate broker's commission | Real estate broker commission payment | ($10,000.00) | 3510-000 | | | |
| | | Will County Clerk--fees and taxes | Real estate taxes | ($460.80) | 2500-000 | | | |
| | | Colfin Bulls a Finance Sub, LLC | Mortgage payoff | ($75,675.16) | 4110-000 | | | |
| | 2 | | 10 Acres In Green Gardens, Illinois | $100,000.00 | 1110-000 | | | |
| 02/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $10.00 | $11,490.00 |
| 03/05/14 | 100001 | Clerk, U.S. Bankruptcy Court 219 S. Dearborn Chicago, IL 60604 | Administrative Expense Deferred filing fee | | 2700-000 | | $176.00 | $11,314.00 |
| 03/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $15.43 | $11,298.57 |
| 04/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $16.90 | $11,281.67 |
| 05/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $16.23 | $11,265.44 |
| 06/06/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $16.75 | $11,248.69 |
| 07/08/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $16.18 | $11,232.51 |
| 08/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $16.70 | $11,215.81 |

Page Subtotals:    $11,500.00    $284.19

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

Case No: 13-00684
Case Name: David C Tuuk
Christine L Tuuk
Taxpayer ID No: XX-XXX0638
For Period Ending: 04/24/2015

Trustee Name: Joji Takada, Chapter 7 Trustee
Bank Name: The Bank of New York Mellon
Account Number/CD#: XXXXXX8095
Checking
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 09/08/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $16.67 | $11,199.14 |
| 09/09/14 | 100002 | Frank Gecker LLP  325 N. LaSalle Street, Suite 625  Chicago, Illinois 60654 | Payment to trustee professional  Trustee Attorney | 3210-000 | | $2,500.00 | $8,699.14 |
| 09/09/14 | 100003 | Frank Gecker LLP  325 N. LaSalle Suite 625  Chicago, IL 60610 | Payment to trustee professional  Trustee Attorney | 3220-000 | | $58.74 | $8,640.40 |
| 10/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.64 | $8,625.76 |
| 11/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $12.82 | $8,612.94 |
| 12/05/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $12.39 | $8,600.55 |
| 01/08/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $12.79 | $8,587.76 |
| 01/26/15 | | Transfer to Acct # xxxxxx9801 | Transfer of Funds | 9999-000 | | $8,587.76 | $0.00 |

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $11,500.00 | $11,500.00 |
| Less: Bank Transfers/CD's | $0.00 | $8,587.76 |
| Subtotal | $11,500.00 | $2,912.24 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $11,500.00 | $2,912.24 |

Page Subtotals:    $0.00    $11,215.81

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX8095 - Checking | $11,500.00 | $2,912.24 | $0.00 |
| XXXXXX9801 - Checking | $0.00 | $21.52 | $8,566.24 |
|  | $11,500.00 | $2,933.76 | $8,566.24 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $88,500.00 |
|---|---|
| Total Net Deposits: | $11,500.00 |
| Total Gross Receipts: | $100,000.00 |

Case 13-00684    Doc 65    Filed 04/27/15    Entered 04/27/15 10:40:21    Desc Main
                 Document      Page 7 of 13

Page Subtotals:                                   $0.00              $0.00

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 13-00684  
Debtor Name: David C Tuuk  
Claims Bar Date: 5/15/2013  

Date: April 24, 2015

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL  60646 | Administrative | | $0.00 | $4,250.00 | $4,250.00 |
| 100 3210 | Frank Gecker LLP<br>325 N. LaSalle Street, Suite 625<br>Chicago, Illinois 60654 | Administrative | | $0.00 | $2,500.00 | $2,500.00 |
| 100 3220 | Frank Gecker LLP<br>325 N. LaSalle Street, Suite 625<br>Chicago, Illinois 60654 | Administrative | | $0.00 | $58.74 | $58.74 |
| 100 3410 | Callero and Callero LLP<br>7800 N. Milwaukee Avenue<br>Niles, IL 60714<br>Attn: Ryan Matsui | Administrative | | $0.00 | $1,403.75 | $1,403.75 |
| 2 280 5800 | Illinois Department Of Revenue<br>Bankruptcy Section<br>Po Box 64338<br>Chicago, Il 60664-0338 | Priority | | $842.60 | $341.00 | $341.00 |
| 4 280 5800 | State Of Arizona Ex Rel<br>Dept Of Economic Security (Maria De Keys<br>Todd Sheridan Assistant Attorney General<br>1275 W Washington Ste Code 775-C<br>Phoenix, Az 85007 | Priority | | $32,000.00 | $33,580.04 | $33,580.04 |
| 300 7100 | Illinois Department Of Revenue<br>Bankruptcy Section<br>Post Office Box 64338<br>Chicago, Il 60664 | Unsecured | | $0.00 | $64.10 | $64.10 |
| 1 300 7100 | DISCOVER BANK<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH  43054-3025 | Unsecured | | $0.00 | $3,156.23 | $3,156.23 |
| 3 300 7100 | N. A. Capital One Bank (Usa)<br>Capital One Bank (Usa), N.A.<br>Po Box 71083<br>Charlotte, Nc 28272-1083 | Unsecured | | $464.40 | $534.40 | $534.40 |

Page 1      Printed: April 24, 2015

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 13-00684  
Debtor Name: David C Tuuk  
Claims Bar Date: 5/15/2013

Date: April 24, 2015

| | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 5<br>300<br>7100 | Fsb American Express Bank<br>American Express Bank, Fsb<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $3,945.26 | $3,945.26 | $3,945.26 |
| 6<br>300<br>7100 | N. A. Capital One<br>Capital One, N.A.<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $464.40 | $326.29 | $326.29 |
| 7<br>300<br>7100 | GE Capital Retail Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $2,977.54 | $3,225.63 | $3,225.63 |
| 8<br>300<br>7100 | Capital Recovery V, Llc<br>C/O Recovery Management Systems Corporat<br>25 Se 2Nd Avenue Suite 1120<br>Miami Fl 33131-1605 | Unsecured | | $383.00 | $442.92 | $442.92 |
| 9<br>300<br>7100 | Ally Financial Inc.<br>P O Box 130424<br>Roseville, Mn 55113 | Unsecured | | $5,414.98 | $5,414.98 | $5,414.98 |
| 10<br>300<br>7100 | Colfin Bulls A Finance Sub, Llc<br>Scott Schrieber<br>55 W Monroe Suite 1200<br>Chicago, Il 60603 | Unsecured | | $0.00 | $406,044.42 | $330,369.26 |
| 11<br>300<br>7100 | Portfolio Recovery Associates, Llc<br>Successor To Ge Capital Retail Bank<br>Po Box 41067<br>Norfolk, Va 23541 | Unsecured | | $578.00 | $590.00 | $590.00 |
| 400<br>4110 | Colfin Bulls a Finance Sub, LLC | Secured | | $0.00 | $75,675.16 | $75,675.16 |
| | Case Totals | | | $47,070.18 | $541,552.92 | $465,877.76 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-00684
Case Name: David C Tuuk
                 Christine L Tuuk
Trustee Name: Joji Takada, Chapter 7 Trustee

      Balance on hand                                            $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| | Colfin Bulls a Finance Sub, LLC | $ | $ | $ | $ |

    Total to be paid to secured creditors                      $_____

    Remaining Balance                                                   $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Attorney for Trustee Fees: Frank Gecker LLP | $ | $ | $ |
| Attorney for Trustee Expenses: Frank Gecker LLP | $ | $ | $ |
| Accountant for Trustee Fees: Callero and Callero LLP | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____

    Remaining Balance                                                   $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $          must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Illinois Department Of Revenue | $ | $ | $ |
| 4 | State Of Arizona Ex Rel | $ | $ | $ |

Total to be paid to priority creditors        $_____

Remaining Balance                             $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  | Illinois Department Of Revenue | $ | $ | $ |
| 1 | DISCOVER BANK | $ | $ | $ |
| 3 | N. A. Capital One Bank (Usa) | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 5 | Fsb American Express Bank | $ | $ | $ |
| 6 | N. A. Capital One | $ | $ | $ |
| 7 | GE Capital Retail Bank | $ | $ | $ |
| 8 | Capital Recovery V, Llc | $ | $ | $ |
| 9 | Ally Financial Inc. | $ | $ | $ |
| 10 | Colfin Bulls A Finance Sub, Llc | $ | $ | $ |
| 11 | Portfolio Recovery Associates, Llc | $ | $ | $ |

    Total to be paid to timely general unsecured creditors      $_____

    Remaining Balance      $_____

    Tardily filed claims of general (unsecured) creditors totaling $    have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be    percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $    have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be    percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE